### FRIEDMAN v. FERTEL.

(Supreme Court, Appellate Term. December 20, 1907.)

MASTER AND SERVANT—ACTION FOR SERVICES.

In an action against an employer to recover for overtime work, evidence *held* insufficient to sustain judgment for plaintiff.

Appeal from City Court of New York.

Action by Joseph Friedman against Harry D. Fertel. Judgment for plaintiff. Defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and McCALL and FORD, JJ.

Joseph J. Harris (Carlisle J. Gleason and John G. McTigue, of counsel), for appellant.

House, Grossman & Vorhaus (Louis J. Vorhaus and Joseph Fischer, of counsel), for respondent.

PER CURIAM. The plaintiff entered into the employ of the defendant in March, 1906, as a fur designer and foreman. He brought this action, and recovered for 452 hours of overtime work on evenings and Sundays between March 10, 1906, and January 1, 1907. The defendant appeals from the judgment entered upon a verdict of the jury in favor of the plaintiff, and from an order denying the defendant's motion for a new trial.

We think the verdict is against the weight of evidence. The plaintiff's case rests entirely upon his uncorroborated testimony that he made a contract to work overtime, nights and Sundays, at the rate of 62½ cents per hour, and that he then worked from March until December 31, 1906, 452 extra hours, for which he is entitled to $282.50. He is contradicted by the defendant and three disinterested witnesses. Moreover, the records of the Holmes Electric Protective Company, introduced in evidence, show that for a large portion of the overtime for which plaintiff was allowed to recover defendant's place of business was closed. Again, other employés during the period in question were paid for overtime work, to the knowledge of the plaintiff, while the plaintiff never asserted any claim for overtime until January 1, 1907. We may add that it would seem that the haste forced upon the defendant's attorney in the closing moments of the trial operated to the disadvantage of the defendant. A careful examination of the entire record satisfies us that the interests of justice demand a new trial.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.